KATHERINE E. WRIGHT, Respondent, v. SARAH E. POND, Appellant.— Appeal from a judgment entered upon a verdict of a jury in favor of plaintiff at a Trial Term of the Supreme Court, Delaware county, and from an order denying defend-ant's motion for a nonsuit and for a new trial. Plaintiff at the invitation of defend-ant became a guest passenger in defendant's car, which was being driven by the defendant, their destination being a swimming pool in or near Walton, N. Y., which pool was reached by a country lane. After visiting the pool the parties re-entered the automobile. Defendant in maneuvering her car backed it so that the rear wheels passed over an old pole, apparently a telephone pole, about eighteen feet in length, and six to eight inches in diameter, which lay in the grass near the roadway. The defendant attempted to drive ahead over the pole and the engine stalled. The plaintiff thereupon left the car and was requested by defendant to close the right-hand door which was open. Pursuant thereto the plaintiff stepped forward and closed the door and as plaintiff started to step away from it the defendant again attempted to drive her car ahead over the pole causing the pole in some manner to strike plaintiff with great force as a result of which she sustained severe injuries to her left leg. The principal argument of the appellant is that the injury was not the natural and probable consequences of the defendant's acts in the operation of her car and that such injury could not reasonably have been anticipated; that the plaintiff was guilty of contributory negligence; that the verdict was against the weight of evidence and contrary to law. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

BRADLEY GOODYEAR, Respondent, v. ROCK WOOL INSULATION CORPORATION, Appellant.— This is an appeal from a judgment of the Supreme Court in favor of the plaintiff and against the defendant after a trial before the court without a jury. Plaintiff entered into an agreement with defendant to insulate his house with a certain insulation material. The defendant entered upon the contract and did part of the work. The contract price was $495 and although the defendant knew that it had not completed the job, rendered a bill to plaintiff. Plaintiff knew that defendant had not completed the job but upon the promise of the defendant that the matter would be satisfactorily adjusted, paid the contract price. After the house had gone through the winter it was evident that the defendant had failed to carry out its contract and the plaintiff wrote to the Albany office of the defend-ant asking it to send some one with authority to adjust the matter. In response to this letter a certain Mr. Wilsey came from the Albany office, representing the defendant, and after looking the job all over agreed to and with the plaintiff to pay him the sum of $300 because it was impossible for the defendant to carry out the terms of this contract. Action is brought to recover the $300. The plaintiff has secured a judgment. The evidence is sufficient to warrant the judgment appealed from and the judgment should be affirmed. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.